NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACK R. FINNEGAN, Plaintiff-Appellant, v. CITY OF DANA POINT; et al., Defendants-Appellees. | No. 17-56200 D.C. No. 8:17-cv-00976-DSF-DFM MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted August 15, 2018**

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Jack R. Finnegan appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional claims arising from

state court proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo a dismissal under the *Rooker-Feldman* doctrine.  *Noel v. Hall*, 341 F.3d

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1148, 1154 (9th Cir. 2003).  We affirm.

The district court properly dismissed Finnegan's action as barred by the *Rooker-Feldman* doctrine because Finnegan's action is a "de facto appeal" of a prior state court judgment, and he raises issues that are "inextricably intertwined" with that judgment.  *See Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) (concluding plaintiff's claim for conspiracy was "inextricably intertwined" with the state court's decision); *Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because the relief sought "would require the district court to determine the state court's decision was wrong and thus void").

**AFFIRMED.**